



**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**COURTNEY J. SMITH**
*Assistant Corporation Counsel*
Phone: (212) 356-2467
Fax: (212) 356-2439
Email: CouSmith@law.nyc.gov

May 20, 2026

**BY ECF**
Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

> Re: *Matias v. The Department of Education of the City of New York*
> No. 26-CV-02429-KPF

Dear Judge Failla:

I am an Assistant Corporation Counsel in the office of Steven Banks, Corporation Counsel of the City of New York, attorney for Defendant the Department of Education of the City of New York ("Defendant" or "DOE") in the above-captioned action. Defendant respectfully requests permission to proceed with submission of a fully dispositive FRCP 12(b) motion to dismiss the Complaint. Defendant further requests that the Court issue an Order staying discovery, pursuant to FRCP 26(c), pending the full submission of, and a decision on, Defendant's requested motion to dismiss. Plaintiff's counsel takes no position on Defendant's request for a stay of discovery.

## I.    Defendant Requests Leave to File Its Fully-Dispositive Motion to Dismiss

Plaintiff, a Substance Abuse Prevention Intervention Specialist ("SAPIS") Level III for Defendant, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"). Plaintiff alleges that Defendant discriminated against her on the basis of national origin and age by way of disparate treatment, retaliation, and a hostile work environment. *See* Complaint, ECF No. 1-1 ("Compl.").

### A.    Plaintiff Fails to Allege an Adverse Employment Action

Plaintiff's discrimination and retaliation claims should be dismissed for failure to state a claim. A plaintiff alleging disparate treatment discrimination under Title VII and the ADEA must plausibly allege that they have been subjected to a materially adverse employment action. *See Terry v. Ashcroft*, 336 F.3d 128, 137-141 (2d Cir. 2003); *Reach v. Healthfirst, Inc.*, No. 23-CV-8085 (JPO), 2024 U.S. Dist. LEXIS 188597, at *5-6 (S.D.N.Y. Oct. 15, 2024). The Second Circuit has defined an "adverse employment action" to be "one which is 'more disruptive than a mere inconvenience or an alteration of job responsibilities.'" *Id.*

Plaintiff's claims are largely based on her allegedly suffering "an adverse employment action" by being assigned to supervise Ms. Pastrana, a Level II SAPIS, who Plaintiff deems to be

1

"less desirable." Compl. at 5. Plaintiff's allegations about her alleged receipt of unpleasant, inconvenient, or undesirable assignments are insufficient to state a claim where those assignments fell within the duties of the Plaintiff's position. *See Hernandez v. City of New York*, No. 18-CV-5870 (ER), 2019 U.S. Dist. LEXIS 96187, at \*14 (S.D.N.Y. June 7, 2019). Plaintiff also claims to have suffered "constructive termination" (Compl. at 9), however the Complaint fails to allege that Plaintiff ever resigned from her role at all. *See generally* Compl; *see also Brescia v. LTF Club Mgmt. Co.*, No. 18-CV-08715 (NSR), 2020 U.S. Dist. LEXIS 7163, at \*18 (S.D.N.Y. Jan. 9, 2020). Defendant's motion to dismiss is further strengthened by Plaintiff's failure to allege sufficient facts supporting the inference that the complained-of conduct was *because of* her age or national origin, as Defendant will explore further in its motion.

### B. Plaintiff Fails to State a Hostile Work Environment Claim

Under Title VII and the ADEA, a hostile work environment exists where "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment." *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 240 (2d Cir. 2007); *Terry v. Ashcroft*, 336 F.3d at 148. Although it is not clear which allegations could be construed as contributing toward a hostile work environment, Plaintiff alleges a handful of vague comments made about Ms. Pastrana, being assigned to supervise Ms. Pastrana, being called "combative," and encountering non-responsiveness from DOE personnel after she sought to make complaints about her supervisor. It is clear from the pleadings that the alleged events do not rise to the level of severity or pervasiveness necessary to state a hostile work environment claim under Title VII or the ADEA. Plaintiff's allegations are isolated, infrequent, and were not humiliating or intimidating. Accordingly, Plaintiff's hostile work environment claims are conclusory and should be dismissed.

### II.    The Court Should Stay All Discovery Pending Defendant's Motion to Dismiss

Pursuant to FRCP 26(c), courts have discretion to stay discovery for good cause pending the outcome of a fully-dispositive motion to dismiss. *See Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). "[C]ourts in this district have held 'that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appears to have substantial grounds or…does not appear to be without foundation in law.'" *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (citation omitted). In determining whether to stay discovery, courts consider: "1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay." *Kanowitz v. Broadridge Fin. Solutions, Inc.*, No. CV 13-649, 2014 U.S. Dist. LEXIS 46518, at \*15-16 (E.D.N.Y. Mar. 31, 2014). As applied to this case, each of these factors favors a stay.

### A. Defendant's Motion Will Articulate Strong Grounds for the Dismissal

As articulated above, Defendant's motion to dismiss will articulate strong reasons that Plaintiff's Complaint is implausibly pled and lacks merit in that Plaintiff has not, and cannot, state claims of national origin or age discrimination, retaliation, or a hostile work environment under Title VII and ADEA. Plaintiff's discrimination and retaliation claims fail to state a cognizable adverse action and the Complaint lacks facts suggestive of discriminatory animus, motivation, or

causation. Plaintiff's claims also fail to meet the threshold necessary to allege a hostile work environment where it is clear that Plaintiff's workplace was not permeated with severe nor pervasive  intimidation, ridicule, or insult sufficient to alter her working conditions.

Because the Complaint lacks viable claims and Defendant's anticipated motion to dismiss will rest on a solid foundation in law, a stay of discovery is appropriate. *O'Sullivan*, 2018 U.S. Dist. LEXIS 70418, at *25; *Telesca v. Long Island Hous. P'ship, Inc,,* No. CV 05-5509 (ADS) (ETB), 2006 U.S. Dist. LEXIS 24311, at *4 (E.D.N.Y. Apr. 27, 2006).

### B.  Defendant anticipates Discovery Will Be Overbroad and Unduly Burdensome

Second, against the backdrop of Plaintiff's nonviable claims, Defendant anticipates that Plaintiff will seek discovery that would be burdensome, irrelevant, and disproportionate to the needs of the case. Plaintiff's claims concern events and allegations spanning numerous different schools, supervisors, and DOE personnel. As such, the scope of discovery is likely to be overbroad and will result in the parties' engagement in discovery that is costly and disproportionate. Thus, Defendant respectfully asserts – engaging in discovery may unnecessarily consume judicial resources if the Court ultimately grants Defendant's motion to dismiss. Moreover, even if Defendant's motion is only granted in part, the parties will still benefit from a stay. *Chesney*, 236 F.R.D. at 116 ("[b]y waiting until a decision is reached on the pending motion, the areas of discovery may well be substantially reduced, if not eliminated").

### C.  A stay of discovery presents no risk of unfair prejudice

Third, a stay of discovery presents no risk of unfair prejudice. No requests have been served by either party, and no disclosures have been made. A delay will not result in any loss of evidence, nor will it increase difficulties of discovery. Notably, delay alone does not constitute prejudice. *See e.g., Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983); *O'Sullivan v. Deutsche Bank AG*, No. 17 Civ. 8709 (LTS) (GWG), 2018 U.S. Dist. LEXIS 70418, at *30 (S.D.N.Y. Apr. 6, 2018) ("the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery").

In sum, Defendant respectfully requests that the Court issue an Order: (1) granting Defendants leave to file a motion to dismiss; and (2) staying all discovery pending the full submission of, and a decision on, Defendant's motion to dismiss.

Defendant thanks the Court for its consideration of these requests.

Respectfully submitted,

_/s/_ *Courtney J. Smith*_____

Courtney J. Smith
Assistant Corporation Counsel

cc:    Stewart Lee Karlin, Esq. (by ECF and first-class mail)
       Attorney for Plaintiff
       111 John Street, 22nd Floor
       New York, NY 10038

The Court has reviewed Defendant's above letter seeking leave to file a motion to dismiss (*see* Dkt. #9), which the Court construes as a request for a pre-motion conference, *see* Individual Rules 2(C), 4(A) (requiring a pre-motion conference before the Court will grant leave to move to dismiss).  The Court has waited three full business days for a response from Plaintiff.  Seeing none, the Court considers Defendant's request unopposed and GRANTS it. The parties are ORDERED to appear for a telephonic pre-motion conference on **June 16, 2026,** at **12:00 p.m.**  At the scheduled time, the parties shall dial (855) 244-8681 and enter access code 2315 780 7370#.

Plaintiff is further ORDERED to respond to Defendant's letter on or before **June 5, 2026.**  *See* Individual Rules 2C, 4A.

The Clerk of Court is directed to terminate the pending motion at docket entry 9.

Dated:    May 27, 2026          SO ORDERED.
          New York, New York

                                HON. KATHERINE POLK FAILLA
                                UNITED STATES DISTRICT JUDGE